IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

DALE W. BENDROSS,
     Plaintiff,

vs.                                             Case No.: 5:07cv75/RS/EMT

HERBERT HALL, et al.,
     Defendants.
_____/

## ORDER

       This case is before the court on Plaintiff's  civil rights complaint filed pursuant to 42 U.S.C. §1983 (Doc. 1).  Leave to proceed in forma pauperis has been granted (Doc. 4).  From a review of the complaint, it is evident that the facts as presented fail to support a viable claim for relief under section 1983 as to the named Defendants. Therefore, the court will allow Plaintiff an opportunity to clarify his allegations in an amended complaint.

       Plaintiff, an inmate of the state penal system, names four Defendants in this action, Herbert Hall, Nurse Frank McHugh, Dr. Goss, and Nurse Martinez (Doc. 1 at 1).  Plaintiff states that on June 8, 2005, he was diagnosed with a hernia by Nurse Practitioner Frank McHugh (*id*. at 7).  Plaintiff states that over the months that followed, he was promised an operation to correct the hernia and alleviate the physical pain he endures as a direct result of the hernia; however, he has not received the operation (*id.*).  Plaintiff acknowledges that Defendant McHugh provided pain medication to relieve the pain he was experiencing as a result of the hernia (*id*.).

       Subsequent to the hernia diagnosis, on May 28, 2006, Plaintiff slipped in the shower and fractured his foot (Doc. 1 at 7).  On June 28, 2006, Plaintiff was seen by Nurse Martinez and examined by Nurse Practitioner McHugh regarding the foot injury (*id*.).  It was discovered from x-rays that Plaintiff's foot was fractured (*id*.).  Plaintiff was given crutches but was denied use of a wheelchair and access to handicapped showers (*id*.).  Plaintiff states that he was never examined by

Dr. Goss, the Chief Medical Examiner, although he was transferred to the Lake Butler medical center and examined by a doctor (*id*.).  Plaintiff contends that Defendants violated his Eighth Amendment right to adequate medical care by failing to treat the hernia and denying him access to handicapped showers, a wheelchair, and prompt examination by a doctor with regard to his broken foot (*id*. at 8).

As relief, Plaintiff seeks damages for pain and suffering, and an injunction requiring Defendants to provide  an operation for Plaintiff's hernia and "proper medical care" for his foot (*id*.).

As an initial matter, Plaintiff must clarify the Defendants in this matter.  On the first page of the civil rights complaint form, Plaintiff lists the Defendants as Herbert Hall SHSA, Nurse Frank McHugh, Dr. Goss, and Nurse Martinez; however, in the "Defendants" section of the complaint form, he does not list any Defendants (Doc. 1 at 1, 2).  Plaintiff is advised that the persons or entities he wishes to sue must be listed on the first page of the complaint form as well as in the "Defendants" section on the second page, and Plaintiff should provide the position, employer, and mailing address of each Defendant on the second page.  Additionally, although Plaintiff lists Herbert Hall SHSA as a Defendant in the style of the case, Mr.  Hall is not mentioned in the "Statement of Facts." Therefore, in his amended complaint, Plaintiff must clarify who he seeks to sue in this action.

Plaintiff must also amend his complaint with regard to the substance of his claims.  It is well settled that the government has a constitutional duty to provide minimally adequate medical care to prisoners.  Harris v. Thigpen, 941 F.2d 1495, 1504 (11th Cir. 1991).  Medical treatment violates the Eighth Amendment "only when it is 'so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness.'" *Id.* at 1505 (citing Rogers v. Evans, 792 F.2d 1052, 1058 (11th Cir. 1986)).  Incidents of mere negligence or malpractice do not rise to the level of constitutional violations. *Id.* (citing Estelle v. Gamble, 429 U.S. 97, 106, 97 S. Ct. 285, 50 L. Ed. 2d 251 (1976)).

Stating an Eighth Amendment claim of denial of adequate medical care requires satisfying both an objective and subjective component.  Taylor v. Adams, 221 F.3d 1254, 1257 (11th Cir. 2000).  First, there must be conduct by prison officials which, objectively speaking, is "sufficiently serious" to constitute a deprivation "'denying the minimal civilized measure of life's necessities.'" *Id.* (quoting Wilson v. Seiter, 501 U.S. 294, 298, 111 S. Ct. 2321, 115 L. Ed. 2d 271 (1991) (internal

quotation omitted)).  Second, the prison officials must possess a subjective intent to use the medical deprivation as a means of punishment.  *Id.* (citations omitted).

Both the objective and subjective components encompass two subsidiary requirements. Taylor, 221 F.3d at 1258.  As to the objective prong, an objectively serious deprivation requires showing an objectively "serious medical need."  Estelle, 429 U.S. at 104.  A serious medical need is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention."  Hill v. DeKalb Regional Youth Detention Center, 40 F.3d 1176, 1186 (11th Cir. 1994); *see* Farmer v. Brennan, 511 U.S. 825, 834, 114 S. Ct. 1970, 128 L. Ed. 2d 811 (1994) (serious medical need is one that, if left unattended, "pos[es] a substantial risk of serious harm.").  In addition, an objectively serious deprivation requires showing that the response made by Defendants to that need was so deficient as to constitute "an unnecessary and wanton infliction of pain."  Estelle, 429 U.S. at 105–06 (internal quotation marks omitted); *see* Taylor, 221 F.3d at 1257; *see also* Adams v. Poag, 61 F.3d 1537, 1543–44 (11th Cir. 1995).

To show the required subjective intent to punish, Plaintiff must demonstrate that Defendants acted with an attitude of "deliberate indifference."  Estelle, 429 U.S. at 105.  "Deliberate indifference has three components: (1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; (3) by conduct that is more than mere negligence."  Farrow v. West, 320 F.3d 1235, 1245–46 (11th Cir. 2003) (citing McElligott v. Foley, 182 F.3d 1248, 1255 (11th Cir. 1999) and Taylor, 221 F.3d at 1258 (stating that defendant must have subjective awareness of an "objectively serious need" and that his response must constitute "an objectively insufficient response to that need")).

A complete denial of readily available treatment for a serious medical condition constitutes deliberate indifference.  Harris v. Coweta County, 21 F.3d 388, 393 (11th Cir. 1994).  However, where the inmate has received medical treatment, and the dispute is over the adequacy of that treatment, courts should be reluctant to question the accuracy or appropriateness of the medical judgments that were made.  Harris, 941 F.2d at 1507 (quoting Waldrop v. Evans, 871 F.2d 1030, 1035 (11th Cir. 1989)).  To do otherwise would be "to constitutionalize claims that sound in tort law."  Hamm v. DeKalb County, 774 F.2d 1567, 1575 (11th Cir. 1985) (quotation omitted).

Regarding Plaintiff's claim concerning his hernia, Plaintiff maintains that the only treatment he received was pain medication.  However, the exhibits attached to his complaint suggest that he received a truss to hold his hernia in place, as well as medical passes to excuse him from activities that required exertion.  Therefore, Plaintiff must clarify in his amended complaint all forms of treatment he received.  Moreover, Plaintiff is reminded that a dispute over the adequacy of care received is generally insufficient to support a constitutional claim.

Regarding Plaintiff's claim concerning his foot, Plaintiff acknowledges that he received x-rays, was given crutches, and was transferred to a medical facility where he was examined by a doctor.  Although Plaintiff disputes that this treatment was adequate because he was not given a wheelchair or access to handicapped showers, he has failed to show that Defendants' response to his injury was so deficient as to constitute an Eighth Amendment violation.

Finally, Plaintiff has failed to state a basis for liability as to Doctor Goss, as he appears to name him solely because of his position as supervisor of Defendants McHugh and Martinez.  Supervisory officials are not liable under section 1983 for the unconstitutional acts of their subordinates on the basis of respondeat superior or vicarious liability.  *See* Cottone v. Jenne, 362 F.3d 1352, 1360 (11th Cir. 2003) (internal quotation marks and citations omitted).  Supervisory liability may occur, however, either when the supervisor personally participates in the alleged unconstitutional conduct or when there is a causal connection between the actions of a supervising official and the alleged constitutional deprivation.  *Id.* (citation omitted).  This connection may be established "when a history of widespread abuse puts the responsible supervisor on notice of the need to correct the alleged deprivation, and he fails to do so, or when a supervisor's custom or policy 'result[s] in deliberate indifference to constitutional rights' or when facts support 'an inference that the supervisor directed the subordinates to act unlawfully or knew that the subordinates would act unlawfully and failed to stop them from doing so.'"  *Id.* (internal quotation marks and citations omitted); Wayne v. Jarvis, 197 F.3d 1098, 1105 (11th Cir. 1999).

Isolated incidents are generally insufficient to establish a supervisor's liability; indeed, the deprivations must be "'obvious, flagrant, rampant and of continued duration . . . .'"  Gray ex rel. Alexander v. Bostic, 458 F.3d 1295, 1308 (11th Cir. 2006) (quoting Hartley v. Parnell, 193 F.3d 1263, 1269 (11th Cir. 1999)).  Furthermore, filing a grievance with a supervisory person does not

alone make the supervisor liable for the allegedly violative conduct brought to light by the grievance, even if the grievance is denied.  Wayne, 197 F.3d at 1106; Weaver v. Toombs, 756 F. Supp. 335, 337 (W.D. Mich. 1989), *aff'd*, 915 F.2d 1574 (6th Cir. 1990); *see also* Bellamy v. Bradley, 729 F.2d 416, 421 (6th Cir. 1984).  Knowledge imputed to the supervisor "must be so pervasive that the refusal to prevent harm rises to the level of a custom or policy of depriving inmates of their constitutional rights." Tittle v. Jefferson County Comm'n, 10 F.3d 1535, 1542 (11th Cir. 1994).  The failure to act or implement policy must be in the face of repeated violations or other indicators signifying a strong likelihood that the situation will recur.  *See* Harris v. City of Marion, 79 F.3d 56, 58–59 (7th Cir. 1996).  Supervisors are generally entitled to rely on their subordinates to respond appropriately to situations absent clear or widespread evidence to the contrary.  "The standard by which a supervisor is held liable in [his] individual capacity for the actions of a subordinate is extremely rigorous." Cottone, 362 F.3d at 1360 (internal quotation marks and citation omitted).

In the instant case, Plaintiff does not allege any facts supporting a basis for liability as to Doctor Goss or Herbert Hall.  Plaintiff should delete these persons as Defendants in his amended complaint unless he provides sufficient facts to support a basis for liability as to these Defendants.

Plaintiff should carefully review the foregoing to determine whether he desires to proceed with this action.  If Plaintiff determines that he does not, he should file with the court a notice of voluntary dismissal.  If Plaintiff chooses to proceed with this action, he must completely fill out a new civil rights complaint form, marking it "**Amended Complaint**."  Plaintiff must limit his allegations to claims related to the same basic incident or issue and name as Defendants only those persons who are responsible for the alleged constitutional violations.  Plaintiff must place their names in the style of the case on the first page of the civil rights complaint form and include their addresses and employment positions in the "Defendants" section of the form.  In the statement of facts, Plaintiff should clearly describe how each named Defendant was involved in each alleged constitutional violation, alleging the claims as to each Defendant in separately numbered paragraphs and including specific dates and times of the alleged unconstitutional acts.  If Plaintiff cannot state exactly how a particular Defendant harmed him, he should delete or drop that person as a Defendant

from his complaint.  Plaintiff is advised that once an amended complaint is filed, all earlier complaints and filings are disregarded.  Local Rule 15.1, Northern District of Florida.

Accordingly, it is **ORDERED**:

1.      The clerk of court is directed to forward to Plaintiff a civil rights complaint form for use by prisoners in actions under 42 U.S.C.  § 1983.  This case number should be written on the form.

2.      Within **THIRTY (30) DAYS** from the date of docketing of this order, Plaintiff shall file an amended civil rights complaint, which shall be typed or clearly written, submitted on the court form, and marked "**Amended Complaint**."  In the alternative, Plaintiff shall file a notice of voluntary dismissal within the same time period.

3.      Failure to comply with this order may result in dismissal of this action.

**DONE AND ORDERED** this 23rd day of May 2007.


/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**